```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LAURO SANCHEZ and JUAN EUSEBIO          :
SANTIAGO, on behalf of themselves and all :
others similarly situated,              :
                                        :
                    Plaintiffs,         :    21-Civ- 6744
                                        :
        -against-                       :    COLLECTIVE AND CLASS
                                        :    ACTION COMPLAINT
COSAN CONSTRUCTION CORP., AMCG INC.,    :
TERENCE JAMES FERGUSON, and AARON       :
KING,                                   :    JURY TRIAL DEMANDED
                                        :
                    Defendants.         :
-------------------------------------------------------------------X
```

Plaintiffs Lauro Sanchez and Juan Eusebio Santiago (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants Cosan Construction Corp., AMCG Inc., Terence ("Terry") James Ferguson, and Aaron King (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

1.  Plaintiffs often worked up to fifty-five hours per workweek as masons and bricklayers for Defendants but were not paid overtime wages for hours over forty per workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL"). Defendants also failed to furnish Plaintiffs with a wage notice at the time of hiring and with weekly wage statements accurately reflecting their hours worked and overtime wage rates.

2.  Plaintiffs bring this action on behalf of themselves and all similarly situated non-exempt construction workers who worked on Defendants' construction worksites within the last six years to recover unpaid overtime wages, liquidated damages, statutory

damages, pre- and post-judgment interest, and attorneys' fees and costs under the FLSA, the NYLL, and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in this Court under 28 U.S.C. § 1391, because events giving rise to Plaintiffs' claims occurred in Manhattan, within this district.

## THE PARTIES

**Plaintiff Lauro Sanchez**

5. Lauro Sanchez resides in Bronx County, New York.

6. Sanchez worked for Defendants as a foreman, mason, and bricklayer from approximately the summer of 2016 through October 2020.

**Plaintiff Juan Eusebio Santiago**

7. Juan Eusebio Santiago resides in Bronx County, New York.

8. Santiago worked for Defendants as a mason and bricklayer from approximately August 2017 through March 16, 2020.

**Corporate Defendants**

9. Defendant Cosan Construction Corp is a New York corporation located at 941 Mclean Avenue, Suite 444, Yonkers, New York 10704. It is also located at 743 South Columbus Avenue, Mount Vernon, New York 10550.

10. Defendant AMCG Inc. is a New York corporation located at 941 Mclean Avenue, Suite 444, Yonkers, New York 10704.

11. Cosan Construction Corp. and AMCG Inc. did business together as Cosan Construction (collectively, "Cosan").

12. Cosan specializes in concrete, masonry, stucco, and foundation work.

13. Plaintiffs worked in several of Cosan's construction projects in Manhattan, including at 120 West 16th Street, 244 West 16th Street, 54 MacDougal Street, 137 West 83rd Street, and 246 West 16th Street in Manhattan.

14. Cosan has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials moved in or produced for interstate commerce by any person.

15. In each of the three years preceding the filing of this Complaint, Cosan's annual gross volume of sales exceeded $500,000.

16. Cosan is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendants Terence ("Terry") James Ferguson and Aaron King**

17. Defendant Terence ("Terry") James Ferguson is President of Cosan Construction Corp.

18. Defendant Aaron King is Vice President of Cosan Construction Corp.

19. Upon information and belief, Ferguson is also an owner of AMCG Inc.

20. Upon information and belief, King is also an owner or operator of AMCG Inc.

21. Throughout Plaintiffs' employment, Ferguson was regularly present at construction sites supervising and directing the work of Cosan's construction workers.

22. Throughout Plaintiffs' employment, King was present every day at construction sites supervising and directing the work of Cosan's construction workers.

23. Throughout Plaintiffs' employment, Ferguson paid construction workers who performed services for Cosan, including Plaintiffs, using paychecks from both Cosan Construction Corp. and AMCG Inc. Ferguson signed the employees' paychecks on behalf of both corporate entities.

24. Throughout Plaintiffs' employment, King at times handed construction workers their wage payments.

25. Ferguson had the power and authority to hire and fire construction workers at Cosan.

26. King had the power and authority to hire and fire construction workers at Cosan. For example, King hired and fired Sanchez.

27. For example, Ferguson and King decided to replace Sanchez with another foreman.

28. Ferguson had the power to determine the wage rates paid to construction workers at Cosan, including the wage rates paid to Plaintiffs. For example, in 2017, Ferguson gave Sanchez a raise from $30 per hour to $35 per hour.

29. King had the power to determine the wage rates paid to construction workers at Cosan, including the wage rates paid to Plaintiffs. For example, in 2018, King gave Santiago a raise from $31 to $35 per hour.

30. Together, King and Ferguson set the work hours (*i.e.*, schedules) of construction workers at Cosan, including Plaintiffs' work hours.

31. Ferguson exercised sufficient control over the operations of Cosan to be considered Plaintiffs' employer under the FLSA and NYLL.

32. King exercised sufficient control over the operations of Cosan to be considered Plaintiffs' employer under the FLSA and NYLL.

4

## FACTUAL ALLEGATIONS

33. Throughout their employment at Cosan, Plaintiffs and other construction workers performed masonry, bricklaying, concrete, stucco, and other construction work in buildings in the New York City metropolitan area, often in Manhattan.

34. Defendants failed to furnish Plaintiffs and other construction workers with wage statements reflecting their overtime wage rates and all of their hours worked per workweek with each payment of their wages.

35. Defendants did not furnish Plaintiffs and other construction workers with a wage notice at the time of hiring or whenever their rates of pay changed.

**Lauro Sanchez's Hours Worked and Wages Paid**

36. Throughout his employment, Sanchez often worked approximately forty-five to fifty-five hours per workweek, Monday to Friday from 7:00 a.m. to a time between 3:30 and 5:30 p.m. with two thirty-minute breaks per day and Saturday from 8:00 a.m. to 4:00 p.m. with a thirty-minute lunch break.

37. In addition to hours summarized above, Sanchez also performed work for Cosan on several Sundays. For example, Defendants required Sanchez to work several Sundays in 2019 on the construction of Ferguson's new house in Yonkers, New York.

38. Defendants paid Sanchez $30 per hour in 2016, including for hours worked over forty per workweek.

39. Defendants paid Sanchez $35 per hour in 2017, including for hours worked over forty per workweek.

40. For example, for the workweek ending on June 21, 2017, Defendants paid Sanchez $35 per hour for 48 hours worked, for a gross total of $1,680.

41. For this workweek, Defendants should have paid Sanchez $35 per hour for his first 40 hours worked, equal to $1,400, and $52.50 per hour for his 8 overtime hours worked, equal to $420, for a gross total of $1,820 in wages.

42. Defendants paid Sanchez $37.50 per hour from 2018 through 2020, including for hours worked over forty per workweek.

43. For example, in the workweek ending June 5, 2019, Sanchez worked 58.25 hours and was paid gross wages of $2,184.38 by check from AMCG Inc.

44. For this workweek, Defendants should have paid Sanchez $37.50 per hour for his first 40 hours worked, equal to $1,500, and $56.25 per hour for his 18.25 overtime hours worked, equal to $1,026.56, for total gross wages of $2,526.56.

45. For example, for the workweek ending August 14, 2019, Defendants paid Sanchez gross wages of $1,931.25 for 51.5 hours worked, equal to $37.50 per hour worked.

46. For this workweek, Defendants should have paid Sanchez $37.50 per hour for his first 40 hours worked, equal to $1,500, and $56.25 per hour for his 11.5 overtime hours worked, equal to $646.88, for total gross wages of $2,146.88.

47. The following week, ending August 21, 2019, Defendants paid Sanchez gross wages of $1,856.25 for 49.5 hours worked, equal to $37.50 per hour worked.

48. For this workweek, Defendants should have paid Sanchez $37.50 per hour for his first 40 hours worked, equal to $1,500, and $56.25 per hour for his 9.5 overtime hours worked, equal to $534.38, for total gross wages of $2,034.38.

49. Defendants at times paid Sanchez's weekly wages using two checks from their different corporate entities.

**Juan Eusebio Santiago Hours Worked and Wages Paid**

50. Throughout his employment, Santiago often worked approximately forty-five to fifty-five hours per workweek, Monday to Friday from 7:00 a.m. to a time between

6

3:30 and 5:30 p.m. with a two thirty-minute break per day and Saturday from 8:00 a.m. to 4:00 p.m. with a thirty-minute lunch break.

51. In addition to the schedule above, like Sanchez, Santiago would at times have to work until 6:30 p.m. on weekdays.

52. In approximately 2017, Defendants paid Santiago $31 per hour worked, including for hours over forty per workweek.

53. From approximately 2018 to March 2019, Defendants paid Santiago $35 per hour worked, including for hours over forty per workweek.

54. From approximately April 2019 to the end of his employment on March 16, 2020, Defendants paid Santiago $38 per hour worked, including for hours over forty per workweek.

55. For example, for the workweek ending April 10, 2019, Defendants paid Santiago $914.67 by check from AMCG Inc. and $890.33 by check from Cosan Construction Corp., for total gross wages of $1,805 for 47.5 hours worked, equal to $38 per hour worked.

56. For this workweek, Defendants should have paid Santiago $38 per hour for his first 40 hours worked, equal to $1,520, and $57 per hour for his 7.5 overtime hours worked, equal to $427.50, for a gross total of $1,947.50 in wages.

57. For example, for the workweek ending July 16, 2019, Defendants paid Santiago $1,034.73 by check from AMCG Inc. and $985.77 by check from Cosan Construction Corp., for total gross wages of $2,020.50 for 53.25 hours worked, equal to $38 per hour worked.

58. For this workweek, Defendants should have paid Santiago $38 per hour for his first 40 hours worked, equal to $1,520, and $57 per hour for his 13.25 overtime hours worked, equal to $755.25, for a gross total of $2,275.25 in wages.

7

59. For example, for the workweek ending February 4, 2020, Defendants paid Santiago $875.87 by check from AMCG Inc. and $777.13 by check from Cosan Construction Corp., for total gross wages of $1,653 for 43.5 hours worked, equal to $38 per hour worked.

60. For this workweek, Defendants should have paid Santiago $38 per hour for his first 40 hours worked, equal to $1,520, and $57 per hour for his 3.5 overtime hours worked, equal to $199.50, for a gross total of $1,719.50 in wages.

**COLLECTIVE ACTION ALLEGATIONS**

61. Plaintiffs bring this action on behalf of themselves and all similarly situated construction workers who worked at Cosan within the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

62. The FLSA Collective consists of over sixty construction workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

63. Throughout Plaintiffs' employment, Plaintiffs and the FLSA Collective have regularly worked more than forty hours on at least some workweeks in the last three years, have performed similar construction work duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for hours worked over forty per workweek.

64. Defendants are aware or should have been aware that the FLSA required them to pay Plaintiffs and the FLSA Collective an overtime premium for hours worked over forty per workweek.

65. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

66. Upon information and belief, the United States Department of Labor, including its Wage-and-Hour and Occupational Safety and Health divisions, investigated Defendants' practices and policies and found them to violate the FLSA and other laws.

67. Upon information and belief, Defendants ignored the United States Department of Labor's findings and continued to pay their construction workers, including Plaintiffs and the FLSA Collective, at the same hourly wage rate per hour worked, including for hours worked over forty per workweek.

68. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated construction workers can be readily identified and located through Defendants' records. They should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

69. Plaintiffs bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated construction workers who work or have worked for Cosan within the six years prior to the filing of this Complaint (the "Rule 23 Class").

70. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

71. The size of the Rule 23 Class exceeds sixty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

72. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

73. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

   a. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged in this Complaint;

   b. whether Defendants failed to pay the Rule 23 Class at the correct overtime wage rate for hours worked in excess of forty per workweek;

   c. whether Defendants failed to provide the Rule 23 Class with accurate wage statements as required by the NYLL and WTPA;

   d. whether Defendants failed to provide the Rule 23 Class with wage notices as required by the NYLL and WTPA; and

   e. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

74. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable six-year statutory period. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiffs and the Rule 23 Class have sustained similar types of damages because of Defendants' failure to comply with the NYLL.

75. Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

76. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

77. Plaintiffs have retained legal counsel competent and experienced in wage-and-hour litigation and class action litigation.

78. There is no conflict between Plaintiffs and the Rule 23 Class members.

79. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

80. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

81. Plaintiffs incorporate by reference all previous paragraphs.

82. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked over forty per workweek.

83. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiffs and the FLSA Collective.

84. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

85. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

86. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

87. Plaintiffs incorporate by reference all previous paragraphs.

88. Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, Defendants were required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked over forty per workweek.

89. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting NYDOL Regulations, and employed Plaintiffs and the Rule 23 Class.

90. Defendants failed to pay Plaintiffs and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay per hour worked over forty per workweek.

91. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

92. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## THIRD CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

93. Plaintiffs incorporate by reference all previous paragraphs.

94. Defendants failed to furnish Plaintiffs and the Rule 23 Class, with each wage payment, with a statement accurately reflecting their: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

95. Due to Defendants' violation of the NYLL, § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–d).

## FOURTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Notices)

96. Plaintiffs incorporate by reference all previous paragraphs.

97. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

98. Defendants failed to furnish Plaintiffs and the Rule 23 Class at the time of hiring, and whenever there was a change to their rates of pay, with wage notices reflecting the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the overtime wage rate; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing

business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

99. Due to Defendants' violation of NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

a. certify this case as a class action pursuant to Rule 23 for the class of employees described herein, designate Plaintiffs as the class representatives, and designate Plaintiffs' counsel as Class Counsel;

b. designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c. declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

d. declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

e. declare that Defendants' violations of the FLSA and NYLL were willful;

f. award Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

g. award Plaintiffs and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with wage notices upon hiring and accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

h. award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

i. award Plaintiffs and the Rule 23 Class pre- and post-judgment interest under the NYLL;

j. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

k. award such other and further relief as the Court deems just and proper.

*Continued on next page*

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
       July 26, 2021

                                          PECHMAN LAW GROUP PLLC

                                          By: _s/Louis Pechman_
                                                  Louis Pechman
                                                  Gianfranco J. Cuadra
                                                  Pechman Law Group PLLC
                                                  488 Madison Avenue, 17th Floor
                                                  New York, New York 10022
                                                  Tel.: (212) 583-9500
                                                  pechman@pechmanlaw.com
                                                  cuadra@pechmanlaw.com

                                          *Attorneys for Plaintiffs, the Putative FLSA Collective, and Putative Rule 23 Class*