UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LAURO SANCHEZ, JUAN EUSEBIO SANTIAGO, and GUSTAVO MENDEZ, on behalf of themselves and all others similarly situated,

                Plaintiffs,

        -against-

COSAN CONSTRUCTION CORP., AMCG INC., TRADE SOLUTIONS INC., TERENCE JAMES FERGUSON, and AARON KING,

                Defendants.
------------------------------------------------------------------X

21 Civ 6744 (SLC)

# DECLARATION OF GIANFRANCO J. CUADRA IN SUPPORT OF PLAINTIFFS' MOTION FOR SETTLEMENT APPROVAL UNDER *CHEEKS*

Gianfranco J. Cuadra, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, declares the following under penalty of perjury:

1. I am a partner at Pechman Law Group PLLC ("PLG") in New York, New York. Along with Louis Pechman and Christian Mercado, the principal and an associate attorney at PLG, respectively, I am one of the attorneys primarily responsible for prosecuting the claims of all fifty Plaintiffs in this Action.

2. I make this affirmation in support of the Parties' joint letter-motion for settlement approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

3. Attached as Exhibit A is the Parties fully executed Settlement Agreement (the "Agreement"). Exhibits attached to the Agreement are referred to by number in this Declaration and in the accompanying joint letter-motion. For example, "Exhibit 1" refers to the chart attached to the Agreement reflecting the distribution of the Settlement Amount.

4. Attached as Exhibit B is a copy of the retainer agreement that Named Plaintiff Gustavo Mendez signed with counsel in this Action on April 13, 2022. For the Court's convenience, I have translated this Agreement into English, which appears immediately after the original Spanish language agreement that Mr. Mendez signed (*see* Ex. B). I am a native speaker of both English and Spanish and confirm that the translation of Mr. Mendez's retainer agreement is true and accurate.

5. Attached as Exhibit C is a copy of the retainer agreement that opt-in Plaintiff Amadou Agne, an English speaker, signed with counsel on November 4, 2023.

6. Attached as Exhibit D are the contemporaneous billing records of PLG for this Action.

7. Attached as Exhibit E are receipts and invoices reflecting the costs that PLG incurred in prosecuting this Action.

8. For the reasons set forth in detail below and in the accompanying joint letter-motion, the Court should approve the settlement embodied in the Agreement but retain jurisdiction over this Action for purposes of enforcement of the Agreement.

**I.  Procedural History**

9. On August 10, 2021, Plaintiffs Lauro Sanchez and Juan Eusebio Santiago filed a Collective and Class Action Complaint asserting, *inter alia*, claims under the New York Labor Law ("NYLL") on a class action basis under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of themselves and all other similarly situated construction workers employed by Cosan Construction Corp. ("Cosan"), AMCG Inc. ("AMCG"), Terence James Ferguson, and Aaron King. *See generally* ECF No. 1. Plaintiffs Lauro Sanchez and Juan Eusebio Santiago also asserted a claim for unpaid overtime wages on a collective action basis under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

10. Plaintiffs asserted that throughout the six-year NYLL statutory period before the filing of the Complaint (the "Liability Period"), Defendants Cosan, AMCG, Ferguson, and King violated the Wage Theft Prevention Act ("WTPA") and NYLL by failing to provide accurate wage statements and wage notices and to pay the correct overtime wages due to all non-exempt persons they employed to perform construction work duties (the "Construction Workers"). *Id.* ¶¶ 1–2, 33–35, 38–41, 52–56, 69–80, 88–99. Plaintiffs Sanchez and Santiago filed consents to sue on August 12, 2021. ECF Nos. 6–7.

11. Defendants Cosan, AMCG, Ferguson, and King filed an Answer on November 22, 2021, generally denying Plaintiffs' allegations. ECF No. 26.

12. The Parties exchanged initial disclosures on February 7 and 8, 2022.

13. On February 8, 2022, the Parties filed a proposed conditional certification stipulation and order agreeing that this matter could be conditionally certified as a collective action under the FLSA. ECF No. 32. On March 11, 2023, Defendants, through counsel, emailed Plaintiffs' counsel a list reflecting the names, dates of employment, and last known addresses and telephone addresses of hundreds of Construction Workers.

14. Between February and May 2022, nine Construction Workers opted-in to this Action by filing consents to sue. ECF Nos. 36–44.

15. On June 7, 2022, Plaintiffs Sanchez, Santiago, and Gustavo Mendez (together, the "Named Plaintiffs") filed a letter-motion seeking leave to file an Amended Complaint. ECF No. 47.

16. The Named Plaintiffs filed the First Amended Collective and Class Action Complaint (the "Amended Complaint") against Cosan, AMCG, Trade Solutions, Inc. ("Trade Solutions"), Terence James Ferguson, and Aaron King (collectively, "Defendants") on June 13, 2022. ECF No. 50.

17. In their Amended Complaint, Plaintiffs reassert their claims against Defendants for unpaid overtime wages under the FLSA and NYLL and for failure to receive wage notices and accurate wage statements under the WTPA. *See generally id.* Plaintiffs assert their state law claims on a class action basis under Rule 23 for the Liability Period. *See id.* ¶¶ 1–2, 38–40, 43–46, 57–67, 70–76, 90–101, 109–120.

18. Defendants filed an Answer to the Amended Complaint on July 1, 2022, in which they generally denied Plaintiffs' allegations. ECF No. 54.

19. Between July 1 and November 9, 2022, thirty-four (34) more Construction Workers joined this Action as opt-in plaintiffs. *See* ECF Nos. 51–53, 55–63, 66–74, 77–85, 87, 89–91.

20. Due in large part to the high number of opt-in plaintiffs in the Action, which required the Parties to exchange thousands of pages of records, the Parties requested several extensions of discovery and other deadlines. *See* ECF Nos. 64, 92–93, 95–96, 97–100.

21. Plaintiffs took the depositions of all three corporate Defendants, Ferguson, King, and Office and Accounts Manager Helen McCaffrey. Defendants took the depositions of Named Plaintiffs Lauro Sanchez and Gustavo Mendez.

22. Plaintiffs replied to one set of document requests and interrogatories. Defendants replied to two sets of interrogatories, one set of document requests, and one set of requests for admissions.

23. On April 28, 2023, Plaintiffs filed a motion for class action certification under Rule 23 of the Federal Rules of Civil Procedure. ECF Nos. 102–104. By letter dated June 29, 2023, Defendants confirmed that they would not oppose the motion. ECF No. 110. That motion is still in abeyance.

24. Instead, the Parties agreed to attend a settlement conference before Magistrate Judge Sarah L. Cave later in 2023. *See* ECF No. 111. To do so, the Parties agreed

that Defendants would produce payroll and time records for hundreds of potential class members. *See id.* The Court scheduled a settlement conference for October 10, 2023. ECF No. 113.

25. From July to September 2023, Defendants produced tens of thousands of pages of records for all potential class members. Plaintiffs' counsel used these records to calculate damages for all Plaintiffs and the potential Rule 23 Class Members.

26. The Parties could not reach a settlement on October 10, 2023. *See* ECF Minute Entry. To further settlement discussions, Defendants produced financial records confidentially for settlement purposes only in October 2023.

27. The Parties had a telephone conference with Judge Cave on November 8, 2023. *See* Minute Entry. They agreed to attend a second settlement conference on December 11, 2023. ECF No. 117.

28. On December 11, 2023, the Parties again attended a settlement conference before Judge Cave. The Parties still could not reach a resolution. Instead, the Court made a settlement proposal.

29. At different points in December 2023, the Court spoke with some of the Plaintiffs and their attorneys about the proposed resolution.

30. On January 3, 2024, the Parties accepted the Court's settlement proposal, as modified, and the Court issued an Order requiring settlement submissions by February 2, 2024. ECF No. 120. The Court extended the deadline to February 16, 2024. ECF Nos. 121, 123.

31. On February 1, 2024, the Parties filed a stipulation dismissing three of the opt-in Plaintiffs and adding eight individuals as opt-in Plaintiffs to the Action. *See* ECF No. 122. The Court so-ordered the stipulation on February 5, 2024. ECF No. 124.

32. Plaintiffs filed eight more consent to sue forms on February 6, 2024. ECF Nos. 125–32.

33. On February 14, 2024, the Parties filed a form consenting to refer this Action to Magistrate Judge Sarah L. Cave for all purposes, which the Court so-ordered the same day. *See* ECF Nos. 133–34.

34. The Parties finished signing the Settlement Agreement on February 21, 2024.

## II. Plaintiffs' Attorneys Are Competent and Experienced Counsel

35. PLG represents Plaintiffs in this Action. PLG's attorneys are competent and experienced wage-and-hour counsel. For the reasons that follow, the Court should approve the fees and costs that PLG requests in this Action.

36. PLG specializes in representing both workers and businesses in workplace disputes. We have handled hundreds of wage-and-hour FLSA cases on behalf of both workers and employers, including Fortune 500 companies.

37. The firm has done substantial work identifying, investigating, and prosecuting Plaintiffs' claims. It has substantial experience prosecuting and settling wage-and-hour actions, including class actions, and is well-versed in wage-and-hour and class action law. *See generally* Ex. D.

38. Since graduating from Fordham Law School in 1983, Louis Pechman has specialized in labor and employment law. He was an attorney at Skadden, Arps, Slate, Meagher & Flom LLP; Vladeck, Waldman, Elias & Engelhard, P.C.; the Daily News; and Lambos & Giardino/Lambos & Junge. From 1996 through 2014, he was a partner at Berke-Weiss & Pechman LLP, the predecessor firm to PLG. On January 1, 2015, he founded PLG.

39. Mr. Pechman is licensed to practice law in the State of New York and is admitted in all United States District Courts of New York as well as the Second Circuit

Court of Appeals. He is also licensed to practice in the State of New Jersey and admitted in the United States District Court for the District of New Jersey.

40. Over the past several years, Mr. Pechman has handled over 300 wage-and-hour cases, representing both employees and employers, including Fortune 500 corporations. *See Sajvin v. Singh Farm*, No. 17-cv-4032, 2018 WL 4214335, at *9 (E.D.N.Y. Aug. 13, 2018) (noting that "Pechman's experience, expertise, and reputation in this District [warranted] an award slightly above the current stagnant hourly rate") (Reyes, M.J). He has been appointed class counsel or counsel for FLSA collective classes in several wage-and-hour cases. *See, e.g., Moran v. JLJ IV Enters., Inc.*, No. 651136/2019, at *1 (Sup. Ct., N.Y. Co. June 16, 2020) (granting disputed motion for class action certification and appointing PLG, including Louis Pechman and Gianfranco J. Cuadra, as class counsel); *Soriano v. D&J Export, Inc.*, No. 18 Civ. 194 (E.D.N.Y. 2019) (same in settlement context and approving settlement); *Manley v. Midan Rest., Inc.*, No. 14 Civ. 1693, 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) ("Louis Pechman and the Pechman Law Group have significant experience representing both employers and employees in wage and hour actions in this District. . . . Louis Pechman has an excellent reputation in this District in the field of employment law."); *Carino v. Broadway & 166, LLC*, No. 10 Civ. 8506, Docket No. 35 at *4 (S.D.NY. May 1, 2013) (recognizing that Louis Pechman "used his considerable expertise in this wage and hour case to achieve an excellent result for the Class in a highly efficient manner"); *In re Chickie's and Pete's Wage and Hour Litigation*, No. 12 Civ. 6820, Docket Entry No. 80 at *1 (E.D. Pa. Mar. 28, 2013) (consolidating cases and appointing Louis Pechman as lead counsel); *Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576, 2009 WL 5841175, at *2 (S.D.NY. Sept. 10, 2009) (recognizing Louis Pechman's "extensive experience in litigating wage and hour class actions").

41. Mr. Pechman speaks frequently on employment law issues, with a focus on wage-and-hour topics. Since 2010, he has moderated an annual program at the New York County Lawyers' Association on "How to Handle a Wage and Hour Case." He last moderated this program in November 2022. On October 6, 2015, he moderated a program at the City Bar on "Current Issues in Settlement of FLSA Cases," which included Judge Lewis A. Kaplan, Magistrate Judge Ronald L. Ellis, and Judge Brian M. Cogan. On September 30, 2015, he moderated a Bloomberg BNA webinar entitled "Top Ten FLSA Litigation Issues: 2015 Edition," which included Magistrate Judge Ramon E. Reyes. On March 2, 2016, he spoke at the New York Hospitality Restaurant Alliance on tipping policies at New York City restaurants. On March 11, 2016, he spoke at the New York City Employment Law Institute on a panel titled, "Prosecuting & Defending Wage and Hour Cases." On September 29, 2016, he spoke in a panel, which included Magistrate Judge Steven M. Gold, in a Bloomberg BNA webinar titled "Top Ten FLSA Litigation Issues: 2016 Edition." On October 24, 2016, he moderated a program at the New York City Bar titled "FLSA Settlement Issues One Year After *Cheeks*," presented by a panel including Chief Magistrate Judge Debra Freeman, District Judge Richard Sullivan, and Magistrate Judge Marilyn Go. On June 12, 2017, he served as a panelist in the American Conference Institute's 30th National Forum on Wage & Hour Claims and Class Actions as part of a presentation titled "Trends in Wage & Hour Class & Collective Actions." Every year since 2017, he has moderated a New York City Bar CLE program titled "FLSA Math: How to Calculate Wage-Related Damages." Mr. Pechman was also Chair of the Restaurant and Hospitality Law Committee of the Bar of the City of New York from 2014 to 2017. He is a frequent contributor to the New York Law Journal, and his most recent articles include *Cheeks v. Freeport Pancake House: Five Years Later* (Aug. 6, 2020), *Rights of Undocumented Workers in Wage Theft Cases* (Mar. 13, 2020), and *Prevailing Wage Law in New*

8

*York's Construction Industry* (Nov. 22, 2021). Mr. Pechman serves as an Adjunct Professor at Fordham University School of Law, where he teaches a course titled "Wage Theft: Employee Rights and Employer Responsibilities."

42. Since forming PLG on January 1, 2015, Mr. Pechman's hourly billable rate has been $600 for all clients.[1] Over 400 of PLG's clients have paid Mr. Pechman's fees at this rate throughout the last several years, including an advertising company, a shoe manufacturer, a money management firm, several restaurants and bakeries, a Broadway theater, a financial recruiting firm, a security guard company, a hedge fund, and a Fortune 100 transportation company. PLG also represents individuals, such as managing directors at Wall Street firms, executives, and other individuals, who retain his services at his $600 per hour rate. Adopting a report and recommendation from Magistrate Judge Sarah Netburn, District Judge Lorna G. Schofield awarded Mr. Pechman his regular hourly billable rate of $600 in a contested fee application following a bench trial that I successfully first-chaired in a wage-and-hour case. *See Espinosa v. Perez*, No. 18 Civ. 8855, 2020 WL 1130743, at *1, 4 (S.D.N.Y. Mar. 9, 2020) (adopting Report & Recommendation awarding Mr. Pechman $600 per hour). Likewise, District Judge Lewis J. Liman awarded Mr. Pechman his $600 per hour rate and in a wage-and-hour case resulting in a default judgment. *See Augusto Corrales v. AJMM Trucking Corp.*, No. 19 Civ. 4532, 2020 WL 1911189, at *4 (S.D.N.Y. Apr. 20, 2020).

43. I, Gianfranco J. Cuadra, received my J.D. degree *magna cum laude* from Hofstra Law School in May 2009, where I was Research Editor of the Hofstra Law Review and an honorary member of the National Order of Scribes for outstanding legal writing. I am admitted to practice in the United States District Courts for the Eastern, Western,

---

[1] Although Mr. Pechman's hourly billable rate increased to $750 this year, which PLG's hourly-paying clients have paid, we have maintained his rate at $600 for purposes of this Action.

9

and Southern Districts of New York and am a member in good standing of the New York State Bar. Prior to joining PLG, I worked as an associate attorney at Winston & Strawn LLP. I first worked at PLG as an associate attorney from March 2015 through December 2020. Since January 1, 2021, I have been a partner at PLG. Since 2015, I have litigated over 150 wage-and-hour cases ranging from individual plaintiff to class and collective actions on behalf of both employees and management.

44. I have presented in numerous CLE programs, most of which concern wage-and-hour issues. Every year since 2017, I have served as a panelist in a New York City Bar program titled "FLSA Math: How to Calculate Wage-Related Damages." On November 15, 2018, I served as a panelist in a day-long mediator training program organized by the United States District Court, Southern District of New York on how to mediate wage-and-hour disputes under the FLSA and the NYLL. On May 6, 2020, I served as a panelist in a New York City Bar webinar titled "Employment During a Pandemic: COVID-19 and the Major Issues Affecting New York Workplaces," where I presented on major wage-and-hour issues arising in the wake of the COVID-19 pandemic. On April 13, 2021, I presented in a New York City Bar webinar titled "How to Handle a Prevailing Wage Matter in New York." On June 1, 2021, I again presented in a New York City Bar webinar titled "Classifying Workers: Employed, Jointly Employed, or Independent Contractor," concerning misclassification issues in wage-and-hour actions. On November 22, 2021, I published an article in the New York Law Journal titled *Prevailing Wage Law in New York's Construction Industry*, concerning the litigation and settlement of prevailing wage actions under Article 8 of the NYLL. On March 4, 2022, I moderated and presented in a wage-and-hour panel of the New York City Bar's annual Employment Law Institute. On March 8, 2022, I presented on the latest wage-and-hour issues and damages calculations to approximately forty arbitrators of the American

Arbitration Association. On September 16, 2022, I presented a wage-and-hour workshop as part of the New York State Bar's annual Labor & Employment Law Conference. On January 20, 2023, I moderated another wage-and-hour workshop focused on the latest issues in wage-and-hour practice as part of the New York State Bar's annual Labor & Employment Law Conference in New York City. The New York State Bar Association's Labor and Employment Law Journal published my article, *How to Calculate Damages in Wage-and-Hour Cases in New York State*, in the summer of 2023. On March 13, 2024, I will moderate another wage-and-hour workshop titled *Late Wage Payment Claims in New York:* Vega, Grant, *and NYLL § 191*, hosted by the New York State Bar Association.

45. Since the fall of 2023, I have served as Co-Chair of the Wage-and-Hour Committee of the New York State Bar Association's Employment Law Section.

46. I am a native Spanish speaker, the language of all Plaintiffs except Amadou Agne.

47. My hourly billable rate at Winston & Strawn LLP, almost ten years ago when I was a fourth-year associate attorney, was $475. My hourly rate at PLG as a partner is $600 for all clients. PLG's hourly-paying clients pay for my services at this rate. They include a Fortune 100 transportation company, a shoe manufacturer, an energy company, a financial services hedge fund, numerous executives, upper-level managers, and company board members, a recruiting company, a warehouse, a non-profit healthcare company, a security company, and several restaurants.

48. Christian Mercado received his J.D. degree from Fordham University School of Law in May 2021, where he was the recipient of the Archibald R. Murray Public Service Award (*summa cum laude*) and a member of the Brendan Moore Trial Advocacy Team. Mr. Mercado was admitted to the New York State Bar in August 2022. He joined PLG in the summer of 2022. Since joining PLG, Mr. Mercado has been actively involved

11

in the litigation of over thirty wage-and-hour matters, including class and collective actions. Mr. Mercado has independently conducted client meetings, drafted and filed pleadings, drafted discovery requests and responses, defended depositions, and participated in pretrial conferences, including settlement conferences. Mr. Mercado is a native Spanish speaker, the language of all Plaintiffs except Amadou Agne. His billable hourly rate at PLG is $225 for all clients. PLG's hourly paying clients have paid for Mr. Mercado's services at this rate, including restaurants and several corporate executives.

49. Mirian Albert received her J.D. degree from CUNY School of Law in May 2020, where she served as Staff Editor for the CUNY Law Review. She is admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York. Ms. Albert is a member in good standing of the New York State Bar. During her employment at PLG, from October 2020 to May 2022, Ms. Albert was actively involved in the litigation of over twenty-five wage-and-hour matters. Ms. Albert independently conducted client meetings, drafted and filed pleadings, drafted discovery requests and responses, and participated in pretrial conferences, including settlement conferences. Ms. Albert is a native Spanish speaker, the native language of all Plaintiffs except Amadou Agne. Ms. Albert's billable hourly rate at PLG was $225 for all clients.

50. Miguelina Paulino is a paralegal at PLG. She received her B.A. degree, *summa cum laude,* in Legal Studies from Berkeley College. Ms. Paulino is a native Spanish speaker, the native language of all Plaintiffs except Amadou Agne. Her billable hourly rate at PLG is $125 for all clients.

51. Eileen Deutelmoser is a paralegal at PLG. She received her B.A. degree in Sociology and Political Science from Lehigh University. Ms. Deutelmoser is a native Spanish speaker, the native language of all Plaintiffs all Plaintiffs except Amadou Agne. Her billable hourly rate at PLG is $125 for all clients.

**III. The Court Should Approve PLG's Attorneys' Fees and Costs Requested**

52. PLG requests that the Court grant its request for reimbursement of reasonable out-of-pocket expenses incurred in the prosecution of the Action, as summarized in the chart below. Copies of all invoices evidencing the costs that PLG incurred are attached as Exhibit E.

| Expenses Incurred & Description | Amount |
|---|---|
| Filing fee in the Eastern District of New York. *See* ECF No. 1 docket. | $402 |
| Service of Process. *See* Ex. E (invoice dated 11/2/2021). | $316 |
| Rust Consulting mailings to all FLSA collective action members. *See* Ex. E (invoice dated 3/15/2022). | $1,824 |
| Stamps for additional mailings to potential FLSA collective action members. *See* Ex. E (receipt dated 6/27/2022). | $174 |
| Deposition and transcript for Terence James Ferguson (as Rule 30(b)(6) deponent for all three corporate defendants and on his behalf) (invoice dated 12/27/2022). | $1,596 |
| Deposition and transcripts for Aaron King and Helen McCaffrey (invoice dated 1/11/2023). | $1,746.75 |

**TOTAL COSTS: $6,058.75**

53. As attorneys' fees for the professionals' work performed in this Action, PLG requests 31.69% of the Settlement Amount after reimbursement of its costs incurred, totaling $151,849.48. As is explained in the accompanying joint letter-motion, this request is reasonable as an adequate percentage of the fund. Notably, the amount requested is less than the 33.33% allowed under Plaintiffs' retainer agreements with PLG. *See* Exs. B–C § 1. A lodestar cross-check further confirms that PLG's requested fees are reasonable and should be granted. PLG's contemporaneous time records are attached as Exhibit D.

[*continued on next page*]

54. The chart below reflects the name, position, hourly billable rates, and total hours worked of each PLG professional who worked on this matter:

| Professional's Name | Position | Hours Billed | Hourly Rate | Fees |
|---|---|---|---|---|
| Louis Pechman | Partner | 50.60 | $600 | $30,360 |
| Gianfranco J. Cuadra | Partner | 416.1 | $600 | $249,660 |
| Christian Mercado | Associate | 315.30 | $225 | $70,942.50 |
| Miriam Albert | Associate | 31.90 | $225 | $7,177.50 |
| Miguelina Paulino | Paralegal | 17.80 | $125 | $2,225 |
| Eileen Deutlemoser | Paralegal | 157.60 | $125 | $19,700 |

**TOTAL FEES: $380,065.00**

55. Based on PLG's extensive experience in precisely this type of litigation and our thorough familiarity with the factual and legal issues in this case, we believe that the hours reported, compiled from contemporaneous time records maintained by each professional participating in the case, are reasonable and were necessarily expended on the Action. Furthermore, unlike other firms that represent employees in wage-and-hour disputes, PLG represents both employers and employees. The hourly rates of the PLG attorneys who worked in this Action are reasonable because they are the rates that PLG's hourly paying clients actually pay the firm.

56. Notably, before submitting the letter-motion, PLG removed several entries from its contemporaneous billing records, including some paralegal tasks, review of documents by me and Louis Pechman, some work concerning of the revision of documents, and all tasks performed by a law student intern who helped us on this matter. Combined, these tasks accounted for approximately twenty-five more hours of work.

57. The amount requested in fees is also reasonable because it is approximately 40% of the lodestar. In other words, the lodestar multiplier in this matter is negative, and, as such, the fees requested should be approved.

**IV. The Court Should Approve the Service Awards Requested**

58. The Named Plaintiffs have fairly and adequately represented the interests of all Plaintiffs and potential Class Members, have no known conflicts with them, and have provided valuable input to counsel at every stage of this Action.

59. Sanchez and Eusebio Santiago assisted with the preparation of the original Complaint. All three Named Plaintiffs helped counsel draft the Amended Complaint.

60. All Named Plaintiffs provided several pages of wage statements, bank records, and text messages to show clear examples of alleged NYLL and FLSA violations against Defendants to aid with the drafting of the Complaint and preparation of damages calculations. Juan Eusebio attended and participated in the first settlement conference, and the other two Named Plaintiffs attended and participated at both. Named Plaintiffs Mendez and Sanchez sat for depositions. All Named Plaintiffs helped counsel prepare for Defendants' depositions, and they all attended Ferguson's deposition. Named Plaintiffs Sanchez and Eusebio Santiago attended King's deposition.

61. The Named Plaintiffs were central to identifying and recruiting most of the opt-in Plaintiffs and shouldered the risks incurred as being the only Named Plaintiffs.

62. Because of their significant contributions to the Action and its ultimate resolution, we respectfully request that the Court grant the Named Plaintiffs' request for service awards of $5,000 each, equal to less than 3.5% of the total Settlement Amount.

63. For the foregoing reasons, as well as those set forth in the accompanying letter-motion, the Court should approve the Settlement as reasonable under *Cheeks*.

[*continued on next page*]

64. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
February 21, 2024

PECHMAN LAW GROUP PLLC

By: _____
Gianfranco J. Cuadra, Esq.
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
cuadra@pechmanlaw.com

*Attorneys for Plaintiffs*