UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L AURO SANCHEZ, JUAN EUSEBIO SANTIAGO, and GUSTAVO MENDEZ, on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs,<br><br>   -v-<br><br>COSAN CONSTRUCTION CORP., AMCG INC., TRADE SOLUTIONS INC., TERRENCE JAMES FERGUSON, and AARON KING,<br><br>                          Defendants. | CIVIL ACTION NO.: 21 Civ. 6744 (SLC)<br><br>**ORDER APPROVING SETTLEMENT** |

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all purposes (ECF No. 134), and have now submitted a joint Letter-Motion in support of settlement (ECF No. 137 (the "Motion")) and proposed settlement agreement (ECF No. 138-1 (the "Agreement")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

Having carefully reviewed the Motion, the Agreement, and accompanying exhibits, and having participated in a lengthy conference that led to the settlement, the Court finds that all the terms of the Agreement, including the settlement amount, the service awards to each of the

three named Plaintiffs, and the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and under the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  The settlement amount, which the undersigned proposed following two settlement conferences and discussed with several Plaintiffs during follow-up conferences, is fair and reasonable.  (ECF No. 138 ¶¶ 26–30; see ECF Nos. 113; 116; 117; ECF min entries Octo. 10, 2023; Nov. 8, 2023; Dec. 11, 2023).  The service awards of $5,000 to each of the three named Plaintiffs equate to 3.26% of the total settlement amount, which is within the range deemed reasonable by other courts in this Circuit and warranted given these Plaintiffs' significant contributions to the prosecution and resolution of this action.[1]  (ECF No. 138 ¶¶ 58–63).  See, e.g., Huggins v. Chestnut Holdings Inc., No. 18 Civ. 1037 (PAC), 2022 WL 44748, at *2 (S.D.N.Y. Jan. 5, 2022) (approving service awards of $7,500 and $5,000 to two named plaintiffs, representing 5% of settlement award, as "well within the range of typical service awards approved in this District").  With respect to the allocation of attorneys' fees, the Court has both (i) reviewed examples of Plaintiffs' engagement letters with counsel and determined that there is no indication of any overreaching or deceptive conduct and that the contingency arrangement with Plaintiffs was "fair to [P]laintiff[s] and reasonable at the time [they were] made[,]" Puerto v. Happy Life Home Health Agency Inc., No. 23 Civ. 4915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023), and (ii) reviewed Plaintiffs' counsel's billing records, from which the Court has determined that the hourly rate and hours expended were reasonable.  Huggins, 2022 WL 44748, at *3.  Accordingly, the Court approves the Agreement.

---

[1] ($15,000 / $460,000) * 100 = 3.26%

2

This action is dismissed with prejudice and without costs except as may be stated in the Agreement.  The Court retains jurisdiction to enforce the Agreement.  Any pending motions, including the motion for class certification (ECF No. 102), which Plaintiffs have withdrawn as part of the Settlement (ECF No. 138-1 ¶ 2(a)), are moot.  The Clerk of Court is respectfully requested to close ECF No. 137, mark it as "granted," and close this case.

Dated:	New York, New York
	February 26, 2024

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**